**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SUSAN ISBERNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:20-cv-02001-JAR-KGG |
| WALMART, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff hereby propounds on Defendant Walmart, Inc. the following requests for production under Rule 34 of the Federal Rules of Civil Procedure:

**DEFINITIONS AND INSTRUCTIONS**

1. The term "Defendant," "You," or "Your" refer to Walmart, Inc. and all its divisions, as well as its successors, predecessors, current or former officers, directors, members, assigns, agents, attorneys, subsidiaries, employees, contractors, representatives, or any other person acting or purporting to act on its behalf.

2. "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, and assignees.

3. "Document" includes, but is not limited to: any written or graphic matter of any kind or character, however produced or reproduced; any electronically or magnetically recorded matter of any kind or character, however produced or reproduced; and any other matter constituting the recording of data or information upon any tangible thing by any means, as well as any tangible

thing on which information is recorded in writing, sound, electronic or magnetic impulse, or in any other manner, including but not limited to paper, electronic mail, cards, videotape, audiotapes, film, electronic facsimile, computer storage devices or any other media. For the purposes of this definition, "matter" shall include, without limitation, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, expense reports, recordings of oral conversations, and work papers, and shall also include, without limitation, originals and all copies which are different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, as well as the preliminary versions, drafts or revisions of any of the foregoing and any supporting, underlying, or preparatory material, which are in your possession, custody, or control or in the possession, custody, or control of your present or former agents, representatives, or attorneys, or any and all persons acting on your behalf.

4. Documents shall be produced as they are kept in the usual course of business or the documents shall be organized and labeled to correspond to the categories in these requests. Documents gathered from hard-copy documents shall be provided in single page tagged image file format ("TIFF"). Document-level OCR text files should be provided for hard copy documents. ESI shall be produced in native format only or native format linked to TIFF.

5. With respect to any emails produced, also produce all attachments to the emails and all other email messages in the email chain (any previous email message(s) to which the produced email message replied and any subsequent email message(s) replying to the produced email message).

6.	If you withhold any responsive documents based on a claim of privilege, please provide a log that sets forth a statement of the claim of privilege and all facts relied upon in support of that claim, including the parties involved, dates involved, the subject matter of the privileged material, any documents or information supporting the privileged information, including the dates, authors, recipients, title and subject matter, and present location of any documents or information involved.  If you assert the attorney work-product doctrine, you must also identify the litigation for which the work-product was prepared.

## REQUESTS FOR PRODUCTION

**Request No. 1:** Copies of any files maintained by Defendant on Plaintiff [and copies should be produced exactly as the files are maintained by Defendant, including copies of any electronic or paper folders where the documents were placed], which files represent personnel, evaluative, performance, or investigative type documents that were collected and/or maintained by Defendant, or any employee of Defendant's administrative, management, or Human Resources departments, including but not limited to any files created or maintained up to the date Defendant received formal notice from the EEOC of Plaintiff's filing of a Charge of Discrimination.

**RESPONSE:**

**Request No. 2:** Personnel files [to include any personnel or complaint related documents maintained by Human Resources or management][1] of any employee of Defendant who gave any

---

[1] Keeping in mind that a Protective Order has been entered by the Court in this case, to the extent the Defendant objects to producing entire personnel or investigations files (based on privacy concerns) for this Request, or any other Requests referencing personnel or investigation files, then Plaintiff requests those portions of the files not subject to an articulated privacy concerns be produced, and any documents withheld pursuant to an articulated privacy concern be specifically listed and identified as part of Defendant's response so Plaintiff can assess whether the privacy concern outweighs the relevance of the documents. Additionally, for any Requests asking for copies of personnel or

input (factual, legal, Human Resources, or otherwise) into, or participated in, Plaintiff's performance evaluations, discipline, and decisions about Plaintiff's work assignments, including but not limited to Chad Rohr and Heidi Palmer.

**RESPONSE:**

**Request No. 3:** Personnel files of any of Defendant's employees who had direct supervisory authority over Plaintiff while she was employed with Defendant.

**RESPONSE:**

**Request No. 4:** Personnel and/or investigation files of or about any employee of Defendant who, within the last 5 years and within Plaintiff's geographical territory of responsibility, were fired, asked to resign, demoted, and/or had their position eliminated.

**RESPONSE:**

**Request No. 5:** Any and all documents possessed by or under the control of Defendant, in paper and electronic and native form, which are about Plaintiff's performance evaluations, decisions regarding Plaintiff's work assignments, and/or Plaintiff's discipline.

**RESPONSE:**

**Request No. 6:** Any documents, emails, texts, or other electronic communications (hereafter "RESPONSIVE HITS") possessed by or under the control of Defendant which are

---

investigation files, the Request is intended to cover any documents that are part of the file at the time the Request is served, and all documents thereafter added to the file up until the date of hearing.

responsive to electronic searches [structured to identify anything with Plaintiff's first name[2] or Plaintiff's last name for the time period January 1, 2015 until Defendant received notice of Plaintiff's Charge of Discrimination. This search is to be conducted on any mobile phones, computers, hard drives, servers, or other electronic devices[3] used for any Walmart business or work purposes by Chad Rohr, Heidi Palmer, and/or any other employee of Walmart [but only employees who gave input into (factual, legal, Human Resources, or otherwise) and/or made decisions about Plaintiff's performance evaluations, Plaintiff's discipline, and/or decisions regarding Plaintiff's work assignments].

**RESPONSE:**


**Request No. 7**: All documents including but not limited to personnel and/or investigation files, or legal files, of or about any Walmart employees who, within Plaintiff's geographical territory of responsibility, made a claim or complaint they had been discriminated or retaliated against by Walmart or any of its employees based on gender, age, or disability. This request is for the time period from January 1, 2015 to the present.

**RESPONSE:**

---

[2] For this Request and other Requests, if Defendant believes that using Plaintiff's first name (in isolation) as a search term will result in voluminous false hits (i.e. identifying communications related to a different person with the same first name), then Plaintiff's counsel requests that defense counsel confer with Plaintiff's counsel about this issue (before the deadline for producing documents) so an alternate search term or other limits can be used to avoid production of communications unrelated to Plaintiff.

[3] The intent of this Request, and other Requests using similar verbiage, is that if a device is used by an employee described by the Request, the entire device will be searched by Defendant for responsive documents using the specific search terms, not just a segment of the device. Regarding email searches, though, this Request, and other Requests using the same verbiage, should be conducted across the email accounts and folders (as they exist on the email server) of any employees described in the Request.

**Request No. 8:** Copies of any calendars, day planners, or dairies [which include therein reference to Plaintiff in any way], in paper and electronic and native form, created or maintained by Defendant and/or anyone with supervisory authority over Plaintiff as part of their employment with Defendant during the time Defendant employed Plaintiff.

**RESPONSE:**

**Request No. 9:**  Documents reflecting complaints involving Heidi Palmer and/or Chad Rohr from January 1, 2009 to the present. This Request includes any personnel, complaint, or investigation files maintained by Defendant on Chad Rohr and Heidi Palmer.

**RESPONSE:**

**Request No. 10:** Copies of any non-party documents obtained by Defendant or its legal counsel through sources other than Plaintiff for the purpose of the present litigation.

**RESPONSE:**

**Request No. 11:**  All documents regarding structured training on workplace discrimination received by any Walmart employee during the time Defendant employed Plaintiff.

**RESPONSE:**

**Request No. 12:**  All policies and procedures regarding discrimination and retaliation in effect while Defendant employed Plaintiff.

**RESPONSE:**

**Request No. 13:**  All policies and procedures regarding investigating complaints of discrimination and retaliation in effect while Defendant employed Plaintiff.

**RESPONSE:**

**Request No. 14:**  All policies and procedures regarding relationships within the workplace in effect while Defendant employed Plaintiff.

**RESPONSE:**

**Request No. 15:**  All policies and procedures regarding discipline that were in effect while Defendant employed Plaintiff.

**RESPONSE:**

**Request No. 16:**  All policies and procedures regarding providing reasonable accommodations to those with disabilities or perceiving disabilities that were in effect while Defendant employed Plaintiff.

**RESPONSE:**

**Request No. 17:**  All documents reflecting any remedial action you took after Plaintiff complained of discrimination and/or retaliation.

**RESPONSE:**

**Request No. 18**:  All documents regarding Plaintiff's complaints, including complaints of discrimination and/or retaliation.

**RESPONSE:**

**Request No. 19**:  Plaintiff's payroll records.

**RESPONSE**:

**Request No. 20**:  Documents sufficient to identify and describe the company benefits to which Plaintiff was entitled during the course of her employment with Defendant.

**RESPONSE**:

**Request No. 21:**  All documents possessed by or under the control of Defendant, in paper and electronic and native form, which were created as a result of, relate to, or refer to the end of Plaintiff's employment with Defendant.

**RESPONSE:**

**Request No. 22**:  All documents, including but not limited to, correspondence, writings, e-mails, text messages, Facebook or other social-media comments or messages, faxes, and recordings created by, or exchanged between Defendant's executives or employees in Plaintiff's chain of command, or with any other person, employee or entity which refer to, relate to, support, or refute any complaint made by Plaintiff about discrimination and/or retaliation.

**RESPONSE:**

**Request No. 23:** All documents, including but not limited to, correspondence, writings, e-mails, text messages, Facebook or other social-media comments or messages, faxes, and recordings created by, or exchanged between Defendant's executives or employees, or with any other person, employee or entity which refer to, relate to, support, or refute complaints involving Chad Rohr and Heidi Palmer.

**RESPONSE:**

**Request No. 24:** All documents, including but not limited to, correspondence, writings, e-mails, text messages, Facebook or other social media comments or messages exchanged between Plaintiff and any current or former employee or agent of Defendant which mention or discuss any of the facts alleged in Plaintiff's Complaint.

**RESPONSE:**

**Request No. 25:** All non-privileged documents, including but not limited to, correspondence, writings, e-mails, text messages, Facebook or other social media comments or messages exchanged between any current or former employees or agents of Defendant which mention or discuss any of the facts alleged in Plaintiff's Complaint.

**RESPONSE:**

**Request No. 26**: Any and all previous statements of Plaintiff, as defined by Fed. Rule Civ. P. 26(b)(3)(C).

**RESPONSE:**

**Request No. 27:** All documents, in paper and electronic and native form, that Defendant intends to rely on in support of the affirmative defenses asserted.

**RESPONSE:**

**Request No. 28:** Copies of any liability insurance that is or may provide insurance coverage or a duty to defend for the claims asserted against Defendant by Plaintiff.

**RESPONSE:**

**Request No. 29:** Produce any documents identified by, referenced in, or reviewed as part of responding to Plaintiff's Interrogatories.

**RESPONSE:**

Dated:      April 3, 2020                                  Respectfully submitted,

                                                           */s/ Jack McInnes*
                                                           Jack McInnes, Bar No. 21898
                                                           Pamela Nagel Jorgensen, Bar No. 27716
                                                           MCINNES LAW LLC
                                                           1900 West 75th Street, Suite 120
                                                           Prairie Village, KS 66208
                                                           Telephone: (913) 220-2488
                                                           Facsimile: (913) 273-1671
                                                           jack@mcinnes-law.com
                                                           pam@mcinnes-law.com

                                                           ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of April 2020, a true and correct copy of the foregoing document was emailed to counsel for Defendant.

      By: */s/ Jack McInnes*