IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SUSAN ISBERNER,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**WALMART, INC.,**<br><br>      **Defendant.** | **Case No. 20-2001-JAR-KGG** |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Susan Isberner's Objection to Magistrate Judge's Order Granting in Part and Denying in Part Motion to Compel (Doc. 31). The motion is fully briefed and the Court is prepared to rule. As described more fully below, Plaintiff's objection is overruled and denied.

**I.  Background**

Plaintiff filed this employment discrimination action against her former employer, Defendant Walmart, Inc., alleging the following claims for relief: gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964; age discrimination under the Age Discrimination in Employment Act; and disability discrimination under the Americans with Disabilities Act.

According to the Complaint, Plaintiff worked for Defendant as a Market Human Resources Manager from 2008 until March 2019. In that role, she was responsible for communication and implementation of Defendant's human resources ("HR") initiatives, including HR practices, business plans, systems and personnel-related issues, for twelve stores in Kansas and one store in Oklahoma. Market Manager Chad Rohr and Plaintiff's supervisor, Heidi Palmer, had supervisory authority over Plaintiff, and the Complaint alleges that they made

decisions concerning the terms and conditions of her employment. One of Plaintiff's primary job duties was to provide support to Rohr; she and Rohr were expected to work closely together to support and evaluate the thirteen store managers in their market.

The Complaint details Plaintiff's claims that Rohr subjected her to discrimination and retaliation based on her gender, age, and disability, including specific instances of verbal abuse. She further alleges that Palmer refused to communicate with her or address her complaints about Rohr. The Complaint includes specific factual allegations concerning a separate workplace misconduct claim lodged against Rohr during Plaintiff's tenure that Plaintiff was prevented from investigating due to the alleged discrimination and retaliation. Plaintiff also claims that Defendant prevented her from investigating other complaints, similar to her own, at the store level during her employment.

Plaintiff alleges that "Rohr and Palmer were responsible for the sex, age and disability discrimination, as well as the retaliation, alleged in this Complaint since they were managers for Walmart."[1] She further alleges that "Defendant and its management were aware of the continuing harassment by Rohr, yet they failed to take reasonable steps to prevent and/or promptly correct the harassing behavior."[2]

On October 13, 2020, Magistrate Judge Kenneth Gale issued a Memorandum and Order granting in part and denying in part Plaintiff's Motion to Compel Discovery ("October 13 Order").[3] At issue here, Judge Gale denied Plaintiff's motion to compel documents and information regarding similar complaints of discrimination and retaliation made against Defendant's regional-level, market-level, and store-level managers within Plaintiff's market

---

[1] Doc. 1 ¶ 9.

[2] *Id.* ¶ 53.

[3] Doc. 30.

from January 1, 2015 through the present.  The court denied Plaintiff's motion to compel information about similar complaints involving decisionmakers other than Rohr and Palmer as irrelevant to Plaintiff's claims as alleged in the Complaint.  Plaintiff contends that evidence of Walmart's culture of discrimination and harassment is relevant to her claims, and that she need not identify all theories of discrimination in the Complaint in order to obtain this discovery.

## II.     Standard

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order.  With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[4]  "The clearly erroneous standard 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[5]

## III.    Discussion

Judge Gale ruled that "similar complaint evidence" sought in Interrogatories 2 and 4, and Request for Production ("RFP") 7 relating to supervisors other than Rohr and Palmer is overly broad, irrelevant, and disproportionate to the case.  He made this determination based on the Complaint's allegations, concluding "there is simply no relevance between Plaintiff's theory of the case and the treatment of other employees by supervisors other than Rohr and Palmer."[6]

As an initial matter, Judge Gale correctly identified the guiding standard for relevant discovery.  Under Fed. R. Civ. P. 26(b)(1), Plaintiffs "may obtain discovery regarding any

---

[4] *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015) (quoting Fed. R. Civ. P. 72(a)).

[5] *U.S. Fire Ins. Co. v. Bunge N.A., Inc.*, 244 F.R.D. 638, 641 (D. Kan. 2007) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

[6] Doc. 30 at 14.

3

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A document is relevant if it "'bears on, or . . . reasonably could lead to other matter that could bear on' any party's claim or defense."[7] The evidence need not be admissible to be discoverable.[8] The Supreme Court has explained that "[t]he question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case."[9]

In determining whether the geographic scope of Plaintiff's similar-complaint requests were overbroad, Judge Gale turned to a pair of cases from this district for guidance: *Owens v. Sprint/United Management Co.*[10] and *Stubbs v. McDonald's*.[11] In *Owens*, Magistrate Judge Waxse provided the following standard:

> In non-class action employment discrimination cases, the standard for determining the geographic scope of discovery focuses on "the source of the complained discrimination—the employing unit or work unit." In the absence of any evidence that there were hiring or firing practices and procedures applicable to all the employing units, discovery may be limited to plaintiff's employing unit. Discovery may be expanded from the Plaintiff's employing unit, however, if the plaintiff can show the requested information is "particularly cogent" to the matter or if the plaintiff can show a "more particularized need for, and the likely relevance of, broader information."
>
> In determining the appropriate employing unit of the plaintiff alleging employment discrimination, courts look to the level of the supervisor or supervisors who are primarily responsible for the employment decision regarding the plaintiff and other similarly-

---

[7] *Duffy v. Lawrence Mem'l Hosp.*, No. 14-2256-SAC-TJJ, 2017 WL 495980, at *3 (D. Kan. Feb. 7, 2017) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).

[10] 221 F.R.D. 649 (D. Kan. 2004).

[11] No. 04-2164-CM-DJW, 2005 WL 1958649 (D. Kan. Aug. 15, 2005).

4

> situated employees.  The rationale is that the motive and intent of
> the supervisors who made the employment decisions relating to the
> plaintiff and other employees is relevant to determining whether
> the employment decision was discriminatory.[12]

District courts within and outside this district have followed this guidance in ruling on discovery objections similar to Plaintiff's here, including *Stubbs*.[13]

*Stubbs* considered a plaintiff's request for similar-complaint evidence in the Kansas City metropolitan area.[14]  The defendant sought to limit discovery to similar complaints regarding the McDonald's restaurant where the plaintiff was employed.[15]  Because the plaintiff submitted evidence and allegations that two specific supervisors that did not work at her location contributed to the allegedly unlawful employment decisions, the court determined that documents pertinent to other allegations of discrimination against these two individuals were discoverable.[16]

Plaintiff objects that Judge Gale misapplied *Owens* by strictly construing the allegations in the Complaint when determining whether workplace culture evidence is discoverable. Specifically, Plaintiff argues that she consistently asserted in filings that Defendant had a "good old boys club" culture that protected male employees like Rohr at the expense of female employees, and that Plaintiff testified accordingly at her deposition.[17]  As recognized by Judge Gale, under *Owens*, the appropriate geographical scope of discovery should generally be limited

---

[12] *Owens*, 221 F.R.D. at 653–54 (footnotes omitted) (first quoting *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 195 (D. Kan. 1996); then quoting *Heward v. W. Elec. Co.*, No. 83–2293, 1984 WL 15666, at *6 (10th Cir. July 3, 1984)).

[13] *See, e,g.*, *Zelaya v. UNICCO Serv. Co.*, 682 F. Supp. 2d 28, 32 (D.D.C. 2010); *Donlin v. Petco Animal Supplies Stores, Inc.*, No. CIV 17-0395 JCH/JHR, 2017 WL 4541362, at *4–5 (D.N.M. Oct. 10, 2017); *Johnson v. Kraft Foods N.A., Inc.*, 238 F.R.D. 648, 653–54 (D. Kan. 2006); *Stubbs*, 2005 WL 1958649, at *5; *Azimi v. United Parcel Serv., Inc.*, No. 06-2114-KHB-DJW, 2007 WL 2010937, at *2 (D. Kan. July 9, 2007).

[14] *Stubbs*, 2005 WL 1958649, at *5.

[15] *Id*.

[16] *Id.*

[17] *See* Doc. 36-1.

to Plaintiff's employing unit, and the court is to look at "the level of the supervisor or supervisors who are primarily responsible for the employment decision regarding the plaintiff and other similarly-situated employees."[18]  Here, the Complaint plainly and specifically alleges that Rohr and Palmer were responsible for the challenged employment decisions and had supervisory authority over her.  As in *Stubbs*, the information before Judge Gale suggested that two specific individuals were responsible for the challenged employment decisions; thus, the motives behind decisions by these individuals are relevant.

Discovery may be broadened under *Owens* if Plaintiff "can show the requested information is 'particularly cogent' to the matter or if the plaintiff can show a 'more particularized need for, and the likely relevance of, broader information.'"[19]  To determine if Plaintiff made this showing, Judge Gale examined the allegations in the Complaint.  Plaintiff faults this review, arguing that Judge Gale too strictly construed the Complaint.  But Plaintiff produced no other source for Judge Gale to review other than conclusory assertions in her briefing papers.  Unlike in *Owens* and *Stubbs*, Plaintiff submitted no outside evidence for Judge Gale to review suggesting that the employment decisions at issue here were made or informed by other decisionmakers.[20]  The deposition testimony Plaintiff attaches to her reply brief on the motion for review was not before Judge Gale, and the Court therefore declines to consider it on review.  While it is true that Plaintiff is not required to solidify her theories of discrimination and retaliation or her pretext evidence in the Complaint,[21] it was not error for the court to accept the

---

[18] *Owens*, 221 F.R.D. at 654.

[19] *Id.*

[20] *See id.* at 655 (examining evidence submitted by the parties on motion to compel).

[21] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("[G]eneral assertions of discrimination and retaliation, without any details whatsoever of events leading up to [the plaintiff's] termination, are insufficient to survive a motion to dismiss. While '[s]pecific facts are not necessary,' some facts are.") (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007))).

6

Complaint's specific allegation that Rohr and Palmer were responsible for the challenged employment decisions when determining the appropriate geographic scope of Plaintiff's discovery requests.  Contrary to Plaintiff's representation of Judge Gale's ruling, he did not rule that Plaintiff must specifically plead that there was a culture of discrimination at Walmart in order to obtain such discovery.  He ruled that where, as here, the Complaint clearly alleges that the challenged employment decisions were made by specific supervisors, the scope of similar-complaint evidence should be limited to evidence showing the motive and intent of such supervisors.  This ruling was neither clearly erroneous nor contrary to law.

Plaintiff further argues that courts routinely allow discovery of company-wide complaints when the plaintiff asserts there is culture of discrimination, citing unpublished decisions by other district courts in the Tenth Circuit.  But these cases are not binding and easily distinguishable.[22] They do not persuade the Court that Judge Gale's October 13 Order was clearly erroneous or contrary to law.

Finally, Plaintiff challenges Judge Gale's reliance on *Hinson v. UMB Bank, N.A.*, which considered whether similar-complaint evidence was admissible at trial rather than whether it was discoverable.[23]  Plaintiff overstates Judge Gale's reliance on this decision.  After considering Plaintiff's discovery requests under the *Owens* standard, Judge Gale cited *Hinson* as further support for his conclusion that similar-complaint evidence about decisionmakers other than Rohr

---

[22] *Donlin v. Petco Animal Supplies Stores, Inc.*, No. CIV 17-0395 JCH/JHR, 2017 WL 4541362, at *4–5 (D.N.M. Oct. 10, 2017) (evaluating evidence submitted on motion to compel showing "Petco appears to have a company-wide decision making team responsible for all employees' requests."); *Shoemake v. McCormick, Summers & Talarico II, LLC*, No. 10-2514-RDR, 2011 WL 5553652, at *8 (D. Kan. Nov. 15, 2011) (granting motion to compel similar-complaint evidence with no discussion of *Owens*); *Clark v. Vivint Solar, Inc.*, No. 2:17-cv-00144-JNP-PMW, 2019 WL 1227931, at *4 (D. Utah Mar. 15, 2019) (ruling on objection to similar-complaint evidence based on temporal scope, not geographic scope); *Miller v. Love's Travel Stops & Country Stores, Inc.*, No. 2008 WL 11338080, at *6 (W.D. Okla. Apr. 17, 2008) (allowing expanded geographic scope of discovery request after reciting *Owens* standard "because Plaintiff has produced some evidence that Defendant enforced a company-wide age discrimination policy in its stores.").

[23] No. 08-4049-SAC, 2010 WL 2519987, at *4 (D. Kan. June 15, 2010).

and Palmer is not relevant to Plaintiff's claims in this case. He acknowledged that the *Hinson* case considered whether such evidence was relevant for purposes of trial admissibility, but found it was instructive as to relevance for discovery purposes as well. Having concluded that Judge Gale applied the appropriate standard for resolving Plaintiff's motion to compel, the Court declines to find that his further reliance on this case constituted clear error. The Court has reviewed Judge Gale's October 13 Order and is not left with the definite and firm conviction that a mistake has been committed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Susan Isberner's Objection to Magistrate Judge's Order Granting in Part and Denying in Part Motion to Compel (Doc. 31) is **overruled and denied**.

**IT IS SO ORDERED.**

Dated: December 9, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

8