## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SUSAN ISBERNER,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 2:20-CV-2001-JAR-KGG** |
| **WALMART, INC.,** | |
| **Defendant.** | |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on Plaintiff Susan Isberner's Motion for Leave to File Sur-Reply (Doc. 56).  Previously, in support of her opposition to Defendant's pending summary judgment motion, Plaintiff submitted evidence about complaints made by Stephanie Sullivan and Kelly Wehling about Chad Rohr.[1]  In its reply memorandum, Defendant objects to the admissibility of "me-too" evidence.[2]  Plaintiff's proposed surreply addresses the admissibility of me-too evidence.[3]  Defendant has responded and opposes the motion.[4]

"Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response, and a reply.  Surreplies are not typically allowed."[5]  Surreplies require leave of court and are only granted under "rare circumstances."[6]  Nonetheless, the nonmoving party on summary judgment "should be given an opportunity to respond to new

---

[1] Doc. 49. at 46-49.

[2] Doc. 54.

[3] Doc. 56.

[4] Doc. 57.

[5] *COPE v. Kan. State Bd. of Educ.*, 71 F. Supp. 3d 1233, 1238 (D. Kan. 2014) (citation omitted).

[6] *Id.* (citation omitted).

material raised for the first time in the movant's reply."[7]  Alternatively, the Court can disregard new material raised in the reply when reaching its decision.[8]  New "material" includes both evidence and legal arguments.[9]

Here, Defendant's reply raises the argument, for the first time, that me-too evidence should not be considered.  Defendant argues that it merely responded to Plaintiff's opposition rather than presenting new legal arguments.  However, Defendant's response is that the evidence is wholly inadmissible.  Plaintiff is entitled to respond to this objection if the Court is to consider it.  Additionally, Plaintiff's six-page proposed surreply is strictly limited to addressing the admissibility argument Defendant raised in opposition to Plaintiff's me-too evidence.  The Court will be better able to rule on the objection to me-too evidence if the arguments of both parties are heard.  For the reasons above, the Court grants Plaintiff's motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Sur-Reply (Doc. 56) is granted.  Plaintiff shall file it on the docket forthwith.

**IT IS SO ORDERED.**

Dated: June 9, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)).

[8] *Id.*

[9] *Id.*